[Cite as *Albert v. United Parcel Serv. of Am., Inc.*, 2016-Ohio-1541.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 103163**

## HALLIE ALBERT

PLAINTIFF-APPELLANT

vs.

## UNITED PARCEL SERVICE OF AMERICA, INC., ET AL.

DEFENDANTS-APPELLEES

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Shaker Heights Municipal Court
Case No. 14-CVF-00784

**BEFORE:** Laster Mays, J., Jones, A.J., and McCormack, J.

**RELEASED AND JOURNALIZED:** April 14, 2016

**ATTORNEY FOR APPELLANT**

Steven W. Albert
The Albert Law Firm
29425 Chagrin Boulevard, Suite 216
Pepper Pike, Ohio 44122


**ATTORNEYS FOR APPELLEES**

**For UPS Store #1544**

Michael F. Farrell
55 Public Square, Suite 775
Cleveland, Ohio 44113

Timothy A. Boyko
Boyko & Dobeck
7393 Broadview Road, Suite A
Seven Hills, Ohio 44131

**For United Parcel Service, Inc.**

Rebecca Roderer-Price
Roger P. Sugarman
Timothy J. Gallagher
Kegler Brown Hill & Ritter Co., L.P.A.
600 Superior Avenue, Suite 2510
Cleveland, Ohio 44114

ANITA LASTER MAYS, J.:

{¶1} Plaintiff-appellant Hallie Albert ("Albert") appeals from the trial court's decision in favor of defendants-appellees UPS Store #1544 and United Parcel Service of America, Inc. (collectively "UPS"). After a thorough review of the record, we affirm the trial court's decision on all three assignments of error.

{¶2} Albert owned a Dino Rosin glass sculpture that she decided to ship from Shaker Heights, Ohio to her home in San Francisco, California. Albert instructed her husband, Sebastian Bendezu ("Bendezu"), to encase the sculpture in foam and package it in a wooden crate. On December 1, 2013, Bendezu built the crate, placed the sculpture inside, and filled the rest of the space with foam. He secured the crate with screws, and then transported it to his mother's home, where it stayed until February 22, 2014, when Bendezu's brother Miguel transported the crate to the local UPS store and had it shipped to San Francisco. At the UPS store, neither Miguel nor the UPS clerk unscrewed the crate and checked the sculpture. Upon the crate's arrival in San Francisco, Albert discovered that the sculpture had been damaged beyond repair.

{¶3} As a result, Albert contacted UPS on February 28, 2014, to report the damage and initiate a claim. UPS did not offer mediation. On July 11, 2014, Albert filed a complaint in Shaker Heights Municipal Court against UPS and asserted that they were liable under the federal Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. 14706. The case proceeded to a bench trial. After testimony from all parties involved,

the trial court entered its judgment for UPS. As a result, Albert has filed this timely appeal and asserts three assignments of error for our review.

> I. The trial court erred as a matter of law when it held in its decision and judgment entry that the plaintiff-appellant as shipper failed to meet her burden of proof to establish the sufficiency of the evidence that the package, presented for shipment on February 22, 2014 to defendants-appellees was in good condition.

> II. The manifest weight of the evidence supported by the record and trial transcript establishes the plaintiff-appellant is entitled to judgment for defendants-appellees violation of the Carmack Amendment.

> III. The trial court erred in failing to order a hearing on an award of attorneys fees to plaintiff-appellant and the case should be remanded to the trial court to conduct a hearing for a determination and award of attorneys fees.

## I. Sufficiency of Evidence

{¶4} "When reviewing the sufficiency of the evidence in civil cases, the question is whether, after viewing the evidence in a light most favorable to the prevailing party, the judgment is supported by competent, credible evidence." *Mtge. Electronic Registration Sys. v. Mosley*, 8th Dist. Cuyahoga No. 93170, 2010-Ohio-2886, ¶ 28. "Put more simply, the standard is whether the verdict is one which could be reasonably reached from the evidence. When engaging in this analysis, an appellate court must remember that the weight and credibility of the evidence are better determined by the trier of fact." *Id*.

{¶5} In Albert's first assignment of error, she contends that the trial court erred when it ruled that she failed to establish sufficient evidence that the sculpture was in good condition on the day it was shipped. We agree with the trial court. Albert cannot demonstrate that the sculpture was not damaged before shipping because no one had seen the sculpture in over two months prior to it being shipped. It is simply unknown if the sculpture was damaged as a result of it being moved from Bendezu's mother's home or from Miguel transporting it to the local UPS store. Once at the UPS store, neither Miguel nor the store clerk opened the wooden box to see if the sculpture was in good condition. Prior to Albert opening the wooden crate, the sculpture had not been seen intact since December of the previous year, and therefore, it was impossible to know when it was damaged.

{¶6} In Albert's brief, she argues that this court should look to the decision in *Fine Foliage of Florida, Inc. v. Bowman Transp., Inc.*, 901 F.2d 1034 (11th Cir.1990), to determine that the circumstantial evidence in this case is substantial enough to determine that the sculpture was in good condition when it was delivered to UPS. However, the facts in *Fine Foliage* are distinguishable from the facts in this case.

{¶7} In *Fine Foliage*, it could be determined that the shipping company was negligent because they did not maintain the correct temperature for the ferns to survive. The driver admitted that he did not read the instructions of care for the ferns. It could not be definitively proven that the ferns were in good condition when they were delivered to the shipping company, but because the shipping company was negligent in their

handling of the ferns, the court allowed the circumstantial evidence that the ferns were healthy upon delivery to the shipping company to establish the original condition of the ferns.

**{¶8}** However, in this case, Albert presented no such evidence of negligence on the part of UPS. In fact, there is no evidence, not even circumstantial, of the condition of the sculpture on the day it was delivered to UPS. Albert also argues that the decision in *REI Transp., Inc. v. C.H. Robinson Worldwide, Inc.*, 519 F.3d 693 (7th Cir.2008), should guide our decision-making in this case. Similar to *Fine Foliage*, the facts in the *REI* case are much different. In that case, the shipper testified that the products being shipped were delivered to the shipping company in good condition. When the shipment arrived at its destination, parts were missing and damaged. The court ruled that the shipper had a prima facia case to establish that the goods were delivered to the shipping company in good condition. As stated before, in this case, Albert cannot make that claim, nor can anyone else. There is not definitive evidence that the sculpture was in good condition on the day of shipping.

**{¶9}** Albert also argued that she established a prima facia case because the trial court overruled UPS's motion that the case should be dismissed. The court stated, "there's sufficient evidence at this point to overrule your motion and determine that there was a delivery based on testimony of the article when it was packaged it was in good condition." (Tr. 298.) Echoing the trial court, we agree that there is no one disputing that the sculpture was in good condition at the time of packaging. Several people

testified that the sculpture was not broken when Albert's husband placed it in the crate. However, there is no evidence that it remained in good condition over the 84 days before it was delivered to UPS to be shipped. During those 84 days, the sculpture was apparently out of the sight of everyone. It is for these reasons we affirm the trial court's ruling that there was not sufficient evidence to determine that the sculpture was in good condition when it was delivered to UPS on February 22, 2014.

## II. Manifest Weight and the Carmack Amendment

{¶10} A judgment in a civil case that is "supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as against the manifest weight of the evidence." *C.E. Morris Co. v. Foley Constr. Co.*, 54 Ohio St.2d 279, 376 N.E.2d 578 (1978), syllabus. The resolution of conflicts in evidence and the credibility of the witnesses and resolutions of conflicts in evidence are matters for the trier of facts. "Therefore, a reviewing court should not reverse a trial court's decision
if it merely has a difference of opinion on questions of credibility or the weight of the evidence; rather, a trial court's decision should be overturned only when there is no competent and credible evidence to support that decision." *Seasons Coal Co. v. Cleveland*, 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984).

{¶11} "We further observe that there is a presumption in a bench trial that the trial court considered only evidence that was reliable, relevant and competent in rendering its decision unless it affirmatively appears to the contrary." *Sonis v. Rasner*, 2015-Ohio-3028, 39 N.E.3d 871, ¶ 70 (8th Dist.), citing *State v. Pleban,* 9th Dist. Lorain No. 10CA009789, 2011-Ohio-3254, ¶ 45 ("There is a presumption in a bench trial that the trial judge knows and follows the law, and only considers matter properly before it.").

{¶12} In Albert's second assignment of error, she contends that the manifest weight of the evidence supported by the record and trial transcript establishes that she is entitled to judgment for UPS's violation of the Carmack Amendment.

> In an action brought under the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C.S. § 11707, a prima facie case of carrier liability is established when the complaining party can show delivery to the carrier in good condition, arrival in damaged condition, and the amount of damages. Thereupon, the burden of proof is upon the carrier to show both that it was not negligent and that the damage was due to one of the excepted causes relieving the carrier of liability. A carrier will not be liable if it can show that the damage was caused by (a) the act of God; (b) the public enemy; (c) the act of the shipper himself; (d) public authority; or (e) the inherent vice or nature of the goods. A review of the above standard set forth in the case law demonstrates that the standard clearly places a heavy burden of persuasion on a carrier.

*Case W. Res. Univ. v. Yellow Freight Sys.*, 85 Ohio App.3d 6, 11, 619 N.E.2d 42 (8th Dist.1993).

{¶13} In order for Albert to prevail under the Carmack Amendment, she must demonstrate that the delivery of the sculpture to UPS was in good condition. There are two other prongs, but Albert has not established that she met the first prong. There is simply not sufficient evidence to demonstrate that the sculpture was in good condition

when it arrived at UPS, 84 days after it was sealed in the crate, stored at Albert's mother-in-law's home, and transported from one location to another. Therefore Albert's second assignment of error is overruled.

## III. Attorney Fees

{¶14} "The awarding of attorney fees is within the sound discretion of a trial court." *State ex rel. Delmonte v. Woodmere*, 8th Dist. Cuyahoga No. 86011, 2005-Ohio-6489, ¶ 53. "Thus, an award of attorney fees will only be disturbed upon a finding of an abuse of discretion. The term abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Id.* "When applying the abuse of discretion standard, a reviewing court is not free to merely substitute its judgment for that of the trial court." *Id.*

{¶15} In Albert's third assignment of error, she argues that the trial court erred in failing to order a hearing on an award of attorney fees to her, and that the case should be remanded to the trial court to conduct a hearing for a determination and award of attorney fees.

> In any court action to resolve a dispute between a shipper of household goods and a carrier providing transportation or service subject to jurisdiction under subchapter I or III of chapter 135 [49 USCS §§ 13501 et seq. or § 13531] concerning the transportation of household goods by such carrier, the shipper shall be awarded reasonable attorneys fees if —
>
> > (1) the shipper submits a claim to the carrier within 120 days after the date the shipment is delivered or the date the delivery is scheduled, whichever is later;
> >
> > (2) the shipper prevails in such court action; and

(3)   (A) the shipper was not advised by the carrier during the claim settlement process that a dispute settlement program was available to resolve the dispute;

(B) a decision resolving the dispute was not rendered through arbitration under this section within the period provided under subsection (b)(8) of this section or an extension of such period under such subsection; or

(C) the court proceeding is to enforce a decision rendered through arbitration under this section and is instituted after the period for performance under such decision has elapsed.

49 U.S.C. 14708(d).   This is a three-part test where all three parts need to be satisfied in order for the awarding of attorney fees to be proper.   The second part of the test states that the shipper must prevail in a court action.   In this case, Albert, the shipper, did not prevail, therefore she is not entitled to attorney fees.   For this reason, Albert's third assignment of error is overruled.

{¶16} The judgment of the trial court is affirmed.

It is ordered that the appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Shaker Heights Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellant Procedure.

_____
ANITA LASTER MAYS, JUDGE

LARRY A. JONES, SR., A.J., and
TIM McCORMACK, J., CONCUR