[Cite as *Cleveland v. Capitalsource Bank*, 2016-Ohio-3172.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 103231**

## CITY OF CLEVELAND

PLAINTIFF-APPELLEE

vs.

## CAPITALSOURCE BANK F.B.O. AEON FINANCIAL, ET AL.

DEFENDANTS-APPELLANTS

**JUDGMENT:**
AFFIRMED

Civil Appeal from
Cleveland Municipal Court
Case No. 2013 CVH 14521

**BEFORE:** Jones, A.J., E.A. Gallagher, J., and Laster Mays, J.

**RELEASED AND JOURNALIZED:** May 26, 2016

**ATTORNEYS FOR APPELLANT**

Richard G. Lillie
Gretchen A. Holderman
Lillie & Holderman
75 Public Square, Suite 1313
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

David M. Douglass
Thomas A. Marino
Douglass & Associates Co. L.P.A.
4725 Grayton Road
Cleveland, Ohio 44135

LARRY A. JONES, SR., A.J.:

**{¶1}** Defendant-appellant, Aeon Financial, L.L.C., appeals the trial court's decision awarding attorney fees to plaintiff-appellee, the city of Cleveland. We affirm.

**{¶2}** In 2013, the city filed a civil collections complaint against Aeon and other named defendants in the Cleveland Municipal Housing Court seeking reimbursement for costs relative to boarding up or demolishing seven properties Aeon owned. Several counts in the complaint also requested attorney fees.

**{¶3}** The matter proceeded to trial. At the close of the city's case, Aeon moved for a directed verdict, arguing that the city had not presented an expert witness to testify about attorney fees. The trial court denied the motion. After trial, the court granted Aeon's motion for post-hearing briefs on the issue of attorney fees.

**{¶4}** In his report and recommendation, the magistrate found that the city had hired a law firm to collect the costs for demolishing and securing the subject properties. The contract with the law firm was a contingent fee contract under which the law firm was entitled to a percentage of the total of each judgment the city obtained in a case. The percentage the law firm charged for the underlying case was 28 percent, which totaled $3,128. The magistrate found that the contingent fee agreement between the city and the law firm was reasonable because it was the result of an arms-length negotiation and a typical arrangement for a law firm engaged in collection cases.

**{¶5}** The trial court subsequently approved the magistrate's decision and awarded attorney fees to the city in the amount of $3,128.00. The court found:

It is not necessary in this case to reach the issue of whether Plaintiff even has the burden of proving the reasonableness of its attorney fees since R.C. 715.261[1] and C.C.O. 3103.09 make a property owner liable for Plaintiff's actual costs, including attorney fees, rather than for an award of reasonable attorney fees, thus making an owner liable even where the City's actual attorney fees whether contingent or hourly are not proven to be reasonable.

{¶6} It is from this order that Aeon now appeals, raising one assignment of error, in which it argues that the trial court erred in awarding attorney fees to the city.

{¶7} Because the trial was not transcribed or recorded, the parties submitted proposed statements of facts to the trial court and the court submitted its statement of facts to this court pursuant to App.R. 9(C).

{¶8} The awarding of attorney fees is within the sound discretion of a trial court. *Albert v. UPS of Am., Inc.*, 8th Dist. Cuyahoga No. 103163, 2016-Ohio-1541, ¶ 14, citing *State ex rel. Delmonte v. Woodmere*, 8th Dist. Cuyahoga No. 86011, 2005-Ohio-6489, ¶ 53. Thus, an award of attorney fees will only be disturbed upon a finding of an abuse of discretion. The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the trial court's attitude is unreasonable, arbitrary, or unconscionable. *Id.,* citing *id.* Therefore, when applying this standard, a reviewing court is not free to merely substitute its judgment for that of the trial court. *Id.,* citing *id.*

---

[1]R.C. 715.261 provides for recovery from the property owner of the total cost of correcting hazardous conditions or abating a nuisance.

{¶9} Aeon claims that the award of attorney fees in this case was contrary to law because the city provided no evidence the fees were reasonable. Aeon cites this district's decision in *Pyle v. Pyle*, 11 Ohio App.3d 31, 463 N.E.2d 98 (8th Dist.1983), to support its contention that a party must show the reasonableness of its claim for attorney fees.

{¶10} In *Pyle*, this court held, in part, that an award of attorney fees is to be a reasonable amount determined by the trial court upon presentation of sworn evidence based on the following non-exhaustive list of factors: (1) time and labor, novelty of issues raised, and necessary skill to pursue the course of action; (2) customary fees in the locality for similar legal services; (3) result obtained; and (4) experience, reputation, and ability of counsel. *Id.* at 35, citing *Swanson v. Swanson*, 48 Ohio App.2d 85, 355 N.E.2d 894 (8th Dist.1976).

{¶11} The city of Cleveland can recover attorney fees related to demolition or boarding up of houses under two city ordinances. Under the Housing Code, Cleveland Codified Ordinance ("C.C.O.") 367.08(a), titled "Recovery of Expenses and Costs," the city may recover:

> Any expenses or costs, including but not limited to attorneys fees * * * and costs of collection or prosecution, including discovery and deposition expenses, incurred under the provisions for demolition or boarding contained in this Housing Code * * * .

{¶12} Under Cleveland's Building Code, "Cost Recovery," C.C.O. 3103.09, the city may recover:

> (1)　　Any and all expenses or costs, including but not limited to attorneys
>
> fees, * * * and costs of collection or prosecution, including discovery and

deposition expenses, incurred under this section relating to the demolition, repair, alteration, securing or boarding of a building or structure or for abating any other nuisance * * *.

{¶13} Aeon claims that the trial court erred in finding that the attorney fees were reasonable without hearing any expert testimony on the matter, but Aeon has failed to support its claim with any authority. In fact, in Ohio there is no steadfast rule that the "reasonableness" of attorney fees must be proved by expert testimony. *See Joseph G. Stafford & Assocs. v. Skinner*, 8th Dist. Cuyahoga No. 68597, 1996 Ohio App. LEXIS 4803, *23 (Oct. 31, 1996) (recognizing a line of cases that permits a trial court to determine reasonable attorney fees without independent expert testimony). In fact, this court has held that evidence of reasonableness "may take the form of testimony, affidavits, answers or other forms of sworn evidence. As long as sufficient evidence is presented to allow the trial court to arrive at a reasonable attorney fee award, the amount of the award will not be disturbed absent an abuse of discretion." *R.C.H. Co. v. 3-J Machining Serv.*, 8th Dist. Cuyahoga No. 82671, 2004-Ohio-57, ¶ 25.

{¶14} Here, the magistrate found that the requested attorney fees were reasonable based on the evidence presented at trial and the affidavits attached to the city's complaint. Sean Berney, an attorney with the contracting law firm, averred that he was familiar with creditor representation and contingency fee agreements, his firm had over 45 years of experience, and the requested fees were "reasonable and customary."

{¶15} Ron O'Leary ("O'Leary"), the city's director of building and housing and a

licensed attorney, testified that the law firm and city had a contingent fee agreement, which was a common type of agreement. O'Leary testified that he was familiar with contingency fee agreements and that it was customary to employ an aggregated system in which the fee percentage would go from the standard rate of one-third up to forty percent of the amount recovered, depending on the amount of litigation. O'Leary stated that he was familiar with the contract between the city and the contracted law firm and thought that the fees requested in the complaint, which were less than the standard one-third of the recovery, were reasonable.

**{¶16}** In light of the above, the trial court did not abuse its discretion in awarding attorney fees to the city. The sole assignment of error is overruled.

**{¶17}** Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cleveland Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LARRY A. JONES, SR., ADMINISTRATIVE JUDGE

EILEEN A. GALLAGHER, J., and
ANITA LASTER MAYS, J., CONCUR