# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| TWO BROTHERS MARKET, LLC, | : | APPEAL NO. C-240415 |
| | | TRIAL NO. A-2300016 |
| Plaintiff-Appellee, | : | |
| vs. | : | |
| PERMJIT SINGH, | : | *JUDGMENT ENTRY* |
| and | : | |
| HARTAJ DHILLON, INC., | : | |
| Defendants-Appellants, | : | |
| and | : | |
| MALKIT S. VIRDI, | : | |
| Defendant. | : | |

This cause was heard upon the appeal, the record, and the briefs.

The judgment of the trial court is affirmed for the reasons set forth in the Opinion filed this date.

Further, the court holds that there were reasonable grounds for this appeal, allows no penalty, and orders that costs are taxed under App.R. 24.

The court further orders that 1) a copy of this Judgment with a copy of the Opinion attached constitutes the mandate, and 2) the mandate be sent to the trial court for execution under App.R. 27.

**To the clerk:**

**Enter upon the journal of the court on 5/21/2025 per order of the court.**

**By:**_____
        **Administrative Judge**

[Cite as *Two Brothers Market, L.L.C. v. Singh*, 2025-Ohio-1803.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| TWO BROTHERS MARKET, LLC, | : | APPEAL NO. C-240415 |
| | | TRIAL NO. A-2300016 |
| Plaintiff-Appellee, | : | |
| vs. | : | |
| PARMJIT SINGH, | : | *O P I N I O N* |
| and | : | |
| HARTAJ DHILLON, INC., | : | |
| Defendants-Appellants, | : | |
| and | : | |
| MALKIT S. VIRDI, | : | |
| Defendant. | : | |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: May 21, 2025

*Blessing & Wallace Law, LLC,* and *David S. Blessing*, for Plaintiff-Appellee,

*David S. Donnett*, for Defendants-Appellants,

**NESTOR, Judge.**

{¶1} This dispute arises from an oral contract for the sale of a grocery market. Defendants-appellants sellers Parmjit Singh and Hartaj Dhillon, Inc., (collectively "Sellers") refused to go through with the sale after plaintiff-appellee Two Brothers Market, LLC, (hereinafter "Two Brothers") paid a deposit for the sale, ordered inventory, and managed the market for several weeks. Two Brothers filed suit against Sellers, asserting various claims, including breach of contract and conversion. The jury ultimately returned a verdict in favor of Two Brothers and awarded it compensatory and punitive damages and attorney's fees. Sellers now appeal to this court, asserting three assignments of error pertaining to the jury's damages award and the trial court's jury instructions on punitive damages and attorney's fees. After reviewing the record and caselaw, we disagree with Sellers that Two Brothers did not present sufficient evidence to support the jury's damages award and that the trial court's punitive damages and attorney's fees instructions were contrary to law. Thus, we affirm the judgment of the trial court awarding damages and attorney's fees to the frustrated buyer, Two Brothers.

## I.    *Factual and Procedural History*

{¶2} In early August 2022, Sellers and Malkit S. Virdi (who was later dismissed from this lawsuit) wanted to sell their grocery market ("the market"), and Two Brothers, an Ohio limited liability company operated by Sabin and Santosh Adhikari, was an interested buyer. After Two Brothers agreed to purchase the market, the parties negotiated the details. The parties orally agreed that Two Brothers would pay a deposit towards the purchase price in the weeks leading up to the closing date, which consisted of three $10,000 checks, totaling $30,000. They agreed to a total purchase price of $105,000, with the remainder to be paid at closing on August 31,

2022. On August 12, Two Brothers paid the first portion of the deposit and began managing the market on a day-to-day basis. Two Brothers continued to do so for the next several weeks and paid the remaining two portions of the deposit. Beyond these undisputed facts, the parties' accounts of the transaction greatly diverge.

{¶3} As Two Brothers managed the market, Jobandeep Singh (a relative of Parmjit Singh) and a woman who worked at the market deli continued to work at the market to help Two Brothers with the transition in ownership. Two Brothers claimed that when it took control of the market, it needed to purchase inventory to fill the shelves, and that it continued to do so throughout its management of the market. Sellers claim that Two Brothers purchased inventory, but that the inventory was for other markets that Two Brothers owned. Additionally, Jobandeep testified that he had to write several checks from Sellers' bank account to pay for the deliveries because Two Brothers' checks "bounced," and the vendors requested payment upon delivery. During its management, Two Brothers allegedly took all daily cash from market operations. At the same time, all sale proceeds from credit card and "Electronic Benefit Transfer" ("EBT") purchases went into Sellers' bank account.

{¶4} On the closing date, Two Brothers scraped together funds to pay the remainder of the purchase price ($75,000), but Sellers backed out of the deal. It is unclear exactly what ensued after Sellers revealed that they were not going through with the deal, but police were eventually called to the market. Police told the members of Two Brothers that they needed to vacate the premises and stay away, as Sellers remained the rightful owners of the market. Two Brothers alleged that Sellers kept the deposit (which Sellers do not refute), the inventory remaining in the market, and personal belongings that Two Brothers had left behind in the store. Sellers refused to return any of the money or items. This refusal and the failure to follow through with

the sale of the market form the foundation of this dispute.

{¶5} Two Brothers filed suit against Sellers and asserted claims for (1) breach of contract, (2) conversion, (3) civil conspiracy, and (4) unjust enrichment. Virdi was dismissed from the lawsuit after Two Brothers did not perfect service on him. During the jury trial, Two Brothers voluntarily dismissed the civil conspiracy claim. The jury ultimately returned a verdict in favor of Two Brothers, awarding it $42,181.72 in compensatory damages, $1 in punitive damages, and attorney's fees in an amount to be determined by the trial court. The verdict form was a general verdict form and did not divide the damages between the contract and conversion claims. Upon Two Brothers' motion, the trial court determined that Sellers owed Two Brothers a total of $33,589.53 in attorney's fees and other costs.

{¶6} Sellers now appeal to this court, asserting three assignments of error. They first argue that Two Brothers did not meet its burden to prove the compensatory damages awarded by the jury. In their second and third assignments of error, Sellers assert that the trial court improperly instructed the jury on punitive damages and the award of attorney's fees, arguing that this was purely a commercial contract dispute in which the agreement had no provision for attorney's fees.

## II. Analysis

### A. Two Brothers' Burden of Proof

{¶7} Without any reference to any of the specific legal elements of Two Brothers' claims, Sellers essentially argue that Two Brothers generally did not present sufficient evidence that it was entitled to the $42,181.72 in compensatory damages that the jury awarded. We disagree.

{¶8} Under a sufficiency of the evidence standard of review, we must determine "whether the evidence is legally sufficient to support the judgment as a

5

matter of law." (Cleaned up.) (Internal citations omitted.) *Lathrop v. Wood Cty. Dog Warden*, 2022-Ohio-480, ¶ 18 (6th Dist.), quoting *Eastley v. Volkman*, 2012-Ohio-2179, ¶ 11, quoting *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). If, """after viewing the evidence in a light most favorable to the prevailing party, the judgment is supported by competent and credible evidence,"""" then the judgment satisfies the sufficiency of the evidence standard. *Id.* at ¶ 19, quoting *Henry Cty. Dog Warden v. Henry Cty. Humane Soc.*, 2016-Ohio-7541, ¶ 15 (3d Dist.), quoting *Edwards v. Knox Cty. Dog Warden*, 2015-Ohio-1320, ¶ 9 (5th Dist.). The verdict only needs to be "'one which could be reasonably reached from the evidence.'" *Albert v. UPS of America, Inc.*, 2016-Ohio-1541, ¶ 4 (8th Dist.), quoting *Mtge. Electronic Registration Sys., Inc. v. Mosley*, 2010-Ohio-2886, ¶ 28 (8th Dist.).

**{¶9}** It is *undisputed* that Two Brothers gave Sellers three $10,000 checks, totaling $30,000, as the deposit for the sale. Sellers never refunded this money, which both parties verified at trial. Furthermore, Two Brothers presented a list of inventories it purchased (with the associated checks), totaling approximately $18,700. Both parties stated that all the proceeds from customer credit card and EBT purchases went directly into Sellers' bank account, despite the fact that Two Brothers managed the market during that time. Those credit card and EBT purchases allegedly totaled approximately $17,000. Lastly, Two Brothers alleged that it purchased a truck for the operation of the market, which it sold for a loss of $11,000 after the failed sale.

**{¶10}** Looking at this evidence in a light most favorable to Two Brothers, it presented more than enough evidence to sufficiently demonstrate that Sellers owed it $42,18.72. Sellers argue that *they* spent considerable amounts of money on inventory before and after Two Brothers' management stint, that Two Brothers had taken the cash proceeds at the end of each day (and never returned them), and that any

inventory purchased by Two Brothers was funneled to its other markets. They highlight this to argue that anything they "owed" Two Brothers should have been offset by the jury. However, that does not necessarily mean that Two Brothers presented insufficient evidence to support its claims for damages (and thus, the damages award). In fact, Two Brothers presented evidence to support damages that far exceeded what the jury ultimately awarded. Thus, we cannot hold that the jury's award was unreasonable or unsupported by sufficient evidence.

{¶11} Accordingly, we overrule Sellers' first assignment of error.

### B. Punitive Damages

{¶12} In Sellers' second assignment of error, they assert that the trial court improperly instructed the jury on punitive damages, as the case was solely a commercial contract dispute. However, this mischaracterizes the claims filed by Two Brothers.

{¶13} A trial court's decision to give a particular jury instruction is reviewed for an abuse of discretion, but "[w]hether [a] jury instruction[] correctly state[s] the law is a question of law, which we review de novo." *Clark v. Clark*, 2025-Ohio-159, ¶ 103 (5th Dist.), citing *Westfall v. Aultman Hosp.*, 2017-Ohio-1250 (5th Dist.), and *Thomas v. Chimera*, 2023-Ohio-2132 (5th Dist.). Because Sellers argue that the trial court's instruction was contrary to law, we review the issue de novo.

{¶14} Sellers correctly acknowledge that "Ohio common law provides that punitive damages may not be awarded for breach of contract, no matter how willful the breach." *Lucarell v. Nationwide Mut. Ins. Co.*, 2018-Ohio-15, ¶ 35, citing *Digital & Analog Design Corp. v. N. Supply Co.*, 44 Ohio St.3d 36, 46 (1989). Sellers argue that this case was solely a commercial contract dispute. While the sale contract was at issue in this case, Two Brothers also asserted other claims, including a conversion

7

claim (a tort) based upon Sellers' retention of the deposit, the inventory purchased by Two Brothers, and Two Brothers' personal property. "[P]unitive damages '"are recoverable for a tort committed in connection with, but independently of, the breach of contract . . . ."'" *Id.* at ¶ 37, quoting *Saberton v. Greenwald*, 146 Ohio St. 414, 426 (1946), quoting 25 C.J.S., Damages, § 120, at 716.

**{¶15}** While Sellers argue that the case is solely a commercial contract dispute, that is not an accurate representation of Two Brothers' complaint. The complaint included a conversion claim that went before the jury. Furthermore, Sellers do not raise any other developed argument regarding the conversion claim to warrant not instructing the jury on punitive damages. Without any error as to those claims themselves, Sellers cannot say that the trial court erred in giving its punitive damages instruction. Two Brothers could recover punitive damages in accordance with its *tort* claim, which was independent of its *breach of contract* claim. Sellers do not assert any error addressing the jury's verdict (which inherently included a finding that Sellers acted maliciously, per the specific instructions), and thus, the jury's finding that Two Brothers was entitled to punitive damages. Therefore, the trial court's instruction on punitive damages did not run afoul of established law.

**{¶16}** Accordingly, we overrule Sellers' second assignment of error.

### C. Attorney's Fees

**{¶17}** Lastly, Sellers assert that the trial court erred as a matter of law when it instructed the jury on awarding attorney's fees. They rest their conclusions on the argument that attorney's fees are unwarranted in commercial contract disputes where there is no provision pertaining to attorney's fees. We review this issue de novo, as Sellers challenge "[w]hether [the] jury instruction[] correctly state[d] the law . . . ." *Clark*, 2025-Ohio-159, at ¶ 103 (5th Dist.), citing *Westfall*, 2017-Ohio-1250 (5th Dist.),

8

and *Chimera*, 2023-Ohio-2132 (5th Dist.).

**{¶18}** Sellers correctly highlight that Ohio follows the American Rule for attorney's fees, which states that "a prevailing party in a civil action may not generally recover attorney fees." *Daddario v. Rose*, 2024-Ohio-5882, ¶ 96 (5th Dist.). But they fail to acknowledge that "[a]n exception to the American Rule allows an award of attorney fees to the prevailing party as an element of compensatory damages when the jury finds that punitive damages are warranted." *Cruz v. English Nanny & Governess School*, 2022-Ohio-3586, ¶ 36, quoting *Phoenix Lighting Group, L.L.C. v. Genlyte Thomas Group, L.L.C.*, 2020-Ohio-1056, ¶ 9, citing *Zoppo v. Homestead Ins. Co.*, 1994-Ohio-461. This is an exception that Ohio has followed "[s]ince the earliest cases at common law." *Id.* at ¶ 37, citing *Roberts v. Mason*, 10 Ohio St. 277 (1859), paragraph two of the syllabus. Furthermore, "'in cases where the act complained of is tainted by fraud, or involves an ingredient of malice, or insult, the jury, which has power to punish, has necessarily the right to include the consideration of proper and reasonable counsel fees . . . .'" *Id.*, quoting *Roberts* at 282.

**{¶19}** Here, the trial court instructed the jury in accordance with the exception to the American Rule. First, in instructing the jury on punitive damages, the trial court stated that the jury could not award such damages "unless [it found] that the Plaintiff [] met its burden to prove by clear and convincing evidence that the (A) Defendant's actions demonstrated *actual malice*; or (B) defendant's actions demonstrated *aggravated or egregious fraud*." (Emphasis added.) Second, as to attorney's fees, the trial court instructed the jury that "[i]f [it] decide[d] that the Defendant [was] liable for punitive damages, [it] must also decide whether the Defendant [was] liable for the reasonable attorney fees of [Plaintiff's counsel]." In other words, the trial court instructed the jury that it may only award attorney's fees if it first awarded punitive

damages, and in order to award punitive damages, it needed to determine that Two Brothers demonstrated fraud or malice on the part of Sellers.

**{¶20}** The jury awarded Two Brothers punitive damages (which, as explained above, was not contrary to law) and then awarded it attorney's fees. Thus, the instruction on attorney's fees fell squarely within the exception to the American Rule. Accordingly, we overrule Sellers' third assignment of error.

### III.    Conclusion

**{¶21}** Based on the foregoing analysis, we overrule all three of Sellers' assignments of error and affirm the judgment of the trial court on all grounds.

Judgment affirmed.

**KINSLEY, P.J.,** and **ZAYAS, J.,** concur.